# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS SOUCHLAS, | ) | CASE NO. 5:21-cv-817 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| U.S. GOVERNMENT, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## Background

*Pro se* plaintiff Nicholas Souchlas, a citizen and resident of Greece, filed this *in forma pauperis* diversity action against the U.S. Government, Kent State University ("KSU"), KSU's Physics Department, Brookhaven National Laboratory ("BNL"), and the BNL Physics Department. (Doc. No. 1.) His lawsuit is based upon his dissatisfaction with his experience as a graduate student at KSU from 2001 through 2009.

This is the third *in forma pauperis* lawsuit plaintiff filed against these same defendants in this Court arising from his experience as a graduate student at KSU. His first action, *Souchlas v. U.S. Government, et al.*, Case No. 5: 17-cv-2176 (N.D. Ohio Feb. 13, 2018), was dismissed on the merits under 28 U.S.C. § 1915(e) because he did not allege any particular legal theory and because his allegations did not reasonably suggest a valid claim. His second action against the same defendants, *Souchlas v. U.S. Government*, Case No. 5:18-cv-1201 (N.D. Ohio Sept. 24, 2018), was dismissed under 28 U.S.C. § 1915(e) on the grounds of *res judicata*. Souchlas has now filed a third action against the same defendants asserting the same claims for relief.

In this lawsuit, as in his prior lawsuits, Souchlas contends the U.S. Government granted him an F1 visa to pursue a Ph.D. in physics at KSU, but KSU failed to provide him the assistance and support he needed to publish and pursue a successful career in science. As in his prior lawsuits, he contends his research advisor at KSU was incompetent, did not make time to edit or review his thesis, and used him as "cheap labor." As a result, he claims he graduated one of the last in his class without any publications and, therefore, without the possibility for employment and a career in his scientific field. Souchlas also contends, as he did in his prior lawsuits, that KSU and BNL created a four-month job for him in an area unrelated to his expertise to avoid further trouble from him after he threatened his advisor in 2008, and for the purpose of removing him from KSU and, ultimately, from the United States. Plaintiff alleges he worked in various positions supported by BNL until June 2011, but was terminated after he emailed his story to KSU, BNL officials, and the media. Souchlas left the United States in 2014.

Once again asserting claims for "incompetence," "negligence," and "intentional tort" in his complaint, plaintiff seeks five hundred million dollars from defendants as punitive damages and an order that KSU stop accepting international graduate students in their Ph.D. program in physics, as well as a written apology from the offending parties.

## Standard of Review

Federal district courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* actions brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim under §

1915(e), a *pro se* complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)).

## Discussion

Upon review, the Court finds that plaintiff's complaint must be dismissed. "Notwithstanding the liberal pleading standard afforded *pro se* litigants, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 480 (E.D.N.Y. 2015).

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. This is plaintiff's third case filed in this Court asserting the same claims against the same defendants pertaining to the same incident. He is barred by the doctrine of *res judicata* from litigating this action.

Furthermore, plaintiff's state tort law claims are barred by the applicable statute of limitations. The Court can find no state tort for incompetence. At best, it is duplicative of his negligence claim. The statute of limitations for negligence is four years. *See Mason v. Bowman*, No. 09AP-995, 2010 WL 2091384, at *2 (Ohio Ct. App. May 25, 2010). The statute of limitations for intentional torts is only one year. *See Kuhar v. Marc Glassman, Inc*., No. 91989, 2009 WL 1424020, at *2 (Ohio Ct. App. May 21, 2009) (statute of limitations for an intentional tort, such as assault and battery, is one year pursuant to Ohio Rev. Code § 2305.111). Plaintiff claims his graduate school experience at KSU began in 2001 and ended in 2009. He worked at BNL until 2011. Plaintiff filed this lawsuit in 2021, ten years after his termination at BNL and twelve years after he graduated from KSU. This is well beyond the one-year and four-year statutes of limitation for the state law causes of action he asserts in this complaint.

Even if plaintiff's claims were not barred by *res judicata* and the applicable statutes of limitation, his complaint would still be subject to dismissal under § 1915(e). His allegations regarding his dissatisfaction with his treatment and the quality of the education he received as a graduate student at KSU do not suggest any plausible tort claim under Ohio law. Ohio treats the relationship between a university and its students as "contractual in nature." *Doe v. Coll. of Wooster*, 243 F. Supp. 3d 875, 888 (N.D. Ohio 2017) (citing *Al–Dabagh v. Case W. Res. Univ*., 777 F.3d 355 (6th Cir. 2015)). Under Ohio law, plaintiff cannot use the acts that are alleged to constitute breach of contract to support a tort claim. *See Valente v. Univ. of Dayton*, 689 F. Supp. 2d 910 (S.D. Ohio 2010) (holding that a law school did not owe fiduciary duties, or other duty of care, to a student under Ohio law).

Finally, this Court has been tolerant of plaintiff's *pro se* filings up to now; however, there comes a point when he can no longer be allowed to continue to file repetitive pleadings at taxpayer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court has recognized: "Every paper filed with the Clerk of . . . Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989). This Court's ability to perform its duties "is compromised when [it] is forced to devote its limited resources to the processing of repetitious and frivolous [filings]." *In re Sindram*, 498 U.S. 177, 179–80, 111 S. Ct. 596, 112 L. Ed. 2d 599 (1991).

After a careful review of this and other cases plaintiff filed in the Northern District of Ohio, this Court has determined that it is necessary to impose some restrictions on his ability to continue in this manner. As an initial matter, plaintiff did not pay the filing fee for any of the cases he filed. Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342–43, 69 S. Ct. 85, 93 L. Ed. 43 (1948)). Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10-cv-663, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. at 184–85; *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per

5

curiam); *Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4-5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12-cv-770, 2013 WL 1092915, at *1–3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10-cv-663, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat'l Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2–3 (W.D. Mich. June 10, 2010).

Plaintiff has abused the privilege of filing under pauper status by continuing to file actions that he has been told are frivolous. Therefore, plaintiff must pay the entire filing fee for any new action he files in this District Court and may not proceed *in forma pauperis* in any such action. Moreover, plaintiff is cautioned that if he continues to file frivolous lawsuits, the Court may impose sanctions, including a permanent injunction prohibiting him from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260–61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

## Conclusion

Accordingly, plaintiff's motion to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and for the reasons stated above, his complaint is dismissed pursuant 28 U.S.C. §1915(e). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Furthermore, plaintiff may not proceed *in forma pauperis* and must pay the full filing fee for any new actions he files in this District Court.

**IT IS SO ORDERED**.

Dated: August 23, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**